UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter J. Roman, | |
| Plaintiff, | |
| -against- | |
| Dream Team Hotel Associates LLC, *et al.*, | |
| Defendants. | |

26-CV-2071 (VSB)

**ORDER OF SERVICE**

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action.

The Clerk of Court is respectfully directed to issue summonses as to Defendants Dream Team Hotel Associates LLC, Tishman Hotel Corporation, Starwood Hotels & Resorts World Wide LLC, Marriott International Inc, The Westin New York at Times Square, and Hotel Trades and Gaming Trades Council, Local 6 AFL-CIO.  Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses.[1]

Moreover, Plaintiff identifies multiple John Doe and Jane Doe defendants by name and position in his Complaint but does not make clear whether he is formally pursuing individual claims against these parties.[2]  Therefore, Plaintiff is directed to clarify whether or not he is pursuing claims against the individual defendants, so the Court can substitute their provided names and positions on the docket and order service on these parties, or whether he otherwise

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, the summons in this case was not issued when Plaintiff filed the complaint because he had not paid the filing fee. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

[2] In his Complaint, Plaintiff refers to several individual Defendants as "John Doe 1" and "Jane Doe 1," but includes their first and last names in parentheses and their relevant job titles.  (Doc. 1 at 4–5.)  Furthermore, Plaintiff also names these individual defendants by their full names when asserting factual allegations in the Complaint.  (*Id.* at 11–13.)

seeks assistance from the Court in identifying the relevant individual parties, if their identities are unclear.  Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).

If Plaintiff seeks to pursue his claims against the individual defendants as they are named and titled in this complaint, within thirty days of receiving this order, Plaintiff must file an amended complaint explicitly naming the John Doe and Jane Doe defendants in the case caption. However, if Plaintiff seeks the Court's help in identifying these particular defendants or he does not wish to pursue claims against the individual defendants, Plaintiff shall inform the Court of this within thirty days of receiving this order.  Because Plaintiff is not proceeding *in forma pauperis*, Plaintiff is responsible for service of process, without assistance from the U.S. Marshals Service.  *See* Fed. R. Civ. P. 4(c).

If within the 90-day period, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.  Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[3]

SO ORDERED.

Dated: March 17, 2026
    New York, New York

Vernon S. Broderick
United States District Judge

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.