CONSTANGY
Brooks Smith & Prophete

6 Campus Drive, Suite 305
Parsippany, NJ 07054
Main: 908.758-2785
constangy.com

July 10, 2026

**VIA ECF**

Hon. Robyn F. Tarnofsky, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 910
New York, NY 10007

If Plaintiff wishes to oppose the stay of discovery he should file a letter on the docket by **July 24, 2026** explaining why he believes that discovery should proceed.

Dated: July 13, 2026
New York, NY

SO ORDERED
[signature]
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**RE: Peter J. Roman v. Marriott International, Inc., et al.**
**Case No.: 1:26-cv-2071**

Dear Judge Tarnofsky:

As you know, this office represents the Defendants Dream Team Hotel Associates, LLC, Tishman Hotel Corporation, Starwood Hotels & Resorts World Wide LLC, Marriott International, Inc., Mike Woldkowski, Miriam Ruiz, Jorge Chico and George Sanchez (collectively the "Moving Defendants") in the above-referenced action. Pursuant to Federal Rule of Civil Procedure 26(c) and this Court's May 28, 2026 Order (the “Order”) (ECF No. 19, ¶ 4), we respectfully submit this letter brief in support of Moving Defendants’ motion to stay all discovery between Moving Defendants and Plaintiff until a decision is rendered in the motion to dismiss the Moving Defendants are filing today.

Concurrently with the filing of this letter, the Moving Defendants have filed a motion to dismiss the claims set forth in the Amended Complaint. If granted, the motion would dismiss all of Plaintiff's claims against all Moving Defendants. Under the Order, Mr. Roman’s opposition is due August 10, 2026, and the Moving Defendants’ reply is due August 24, 2026. (ECF 19, ¶ 3).

It is well-settled that a district court has considerable discretion to stay discovery under Rule 26(c). <u>See Hong Leong Fin. Ltd. (Singapore) v Pinnacle Performance Ltd.</u>, 297 FRD 69 (S.D.N.Y. 2013) (“[U]pon a showing of good cause a district court has considerable discretion to stay discovery.”). Courts have found that a pending motion to may constitute "good cause." <u>Id.</u> Here, a stay is particularly appropriate as the pending motion, if granted, would eliminate all claims against Moving Defendants, thus disposing of the need for most if not all discovery between Plaintiff and Moving Defendants. The requested stay will also be brief so it will not cause any prejudice to the Plaintiff.

As noted in the conference call with Your Honor earlier today, Plaintiff does not consent to this request.

We thank the Court for its attention to this matter.

Respectfully Submitted,

***s/Keya Denner***

Keya Denner

KD
cc: Peter J. Roman, pro se (via ECF, email and regular mail)
Barry N. Saltzman, Esq. (via ECF only)